United States District Court
Southern District of Texas

**ENTERED**

April 29, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINDER MORGAN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| LABOR, a federal administrative | § | |
| agency; THE OFFICE OF | § | |
| ADMINISTRATIVE LAW JUDGES, an | § | |
| administrative subdivision of | § | CIVIL ACTION NO. H-25-3651 |
| the United States Department of | § | |
| Labor; LORI CHAVEZ-DEREMER, in | § | |
| her official capacity as | § | |
| Secretary of the United States | § | |
| Department of Labor; JOHN M. | § | |
| HERKE, in his official capacity | § | |
| as an Administrative Law Judge | § | |
| of the United States Department | § | |
| of Labor; and JAMES JACKSON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PERMANENT INJUNCTIVE RELIEF**

Pending before the court is Plaintiff's Consolidated
(1) Motion to Dismiss Defendant James Jackson's Amended
Counterclaims, and (2) Motion to Strike His Amended Answer, and
Brief in Support ("Plaintiff's Motion to Dismiss") (Docket Entry
No. 63). In response, Jackson filed a motion for leave to amend
his answer.[1] Jackson's proposed amendment voluntarily dismisses

---

[1]Defendant James Jackson's Response in Opposition to
Plaintiff's Motion to Dismiss and Strike (Dkt. 63) and Alternative
(continued...)

his counterclaims against Plaintiff Kinder Morgan, Inc. ("Kinder Morgan").[2]   Kinder Morgan does not oppose Jackson's request to amend his answer.[3]

Accordingly, Jackson's Motion to Amend (Docket Entry No. 73) will be granted and Plaintiff's Motion to Dismiss (Docket Entry No. 63) will be denied as moot.

Also pending before the court is Defendant and Counter-Plaintiff James Jackson's Emergency Motion to Strike Misstyled "Joint" Motion to Convert Preliminary Injunction to Permanent Injunction, to Vacate the Conversion Order, and to Dissolve or Modify the Injunction ("Jackson's Motion to Vacate") (Docket Entry No. 64).   Jackson asks the court to vacate its order granting Kinder Morgan's and Federal Defendants' motion to convert the preliminary injunction to a permanent injunction because (1) the court was misled to believe that the motion to convert was "joint", (2) the court's order granting a preliminary injunction was based on the misrepresentation that Jackson's counsel rejected each

---

[1](...continued)
Opposed Motion for Leave to File Proposed Second Amended Answer ("Jackson's Motion to Amend"), Docket Entry No. 73.

[2]Id. at 2 ¶ (3).   All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[3]Plaintiff Kinder Morgan, Inc.'s Response to Defendant James Jackson's Response in Opposition to Plaintiff's Motion to Dismiss and Strike (Dkt. 63) and Alternative Opposed Motion for Leave to File Proposed Second Amended Answer, Docket Entry No. 75, p. 1.

hearing date offered by Kinder Morgan, and (3) Kinder Morgan's claims are barred by the doctrine of unclean hands.[4]

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any order or other decision . . . [that] does not end the action.'"  Pedersen v. Kinder Morgan, Inc., 2023 WL 6441948, at *2 (S.D. Tex. Sept. 29, 2023) (quoting Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017)).  "'Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  Id. (quoting Austin, 864 F.3d at 336) (internal quotation marks omitted).

Jackson presents no good reason to reconsider the court's order granting Kinder Morgan's and Federal Defendants' Joint Motion to Convert Preliminary Injunction to Permanent Injunction.  The court was aware that Jackson was not a party to the Joint Motion to Convert Preliminary Injunction to Permanent Injunction when it

---

[4]Jackson's Motion to Vacate, Docket Entry No. 64, pp. 5-7. Jackson alleges that the unclean hands doctrine applies because (1) Kinder Morgan asserted false procedural language in the administrative process, (2) Kinder Morgan engaged in ex parte email communications with the ALJ, (3) Kinder Morgan did not produce certain documents to the DOL, and (4) Kinder Morgan identified him as a prisoner on the docket. Id. at 15; Plaintiff's Opposition to Defendant And Counter-Plaintiff James Jackson's Emergency Motion to Strike Misstyled "Joint" Motion to Convert Preliminary Injunction to Permanent Injunction, to Vacate the Conversion Order, and to Dissolve or Modify the Injunction, Docket Entry No. 67, p. 11.

granted the motion.[5] Moreover, the court's decision to grant the preliminary injunction was not based on Jackson's refusal to schedule a hearing date with the Administrative Law Judge ("ALJ"). Instead, it was based on the fact that Kinder Morgan was likely to succeed on its claim that the removal requirements for the Department of Labor's ALJs violated the Take Care Clause.[6] Finally, the court finds that Jackson cannot establish the elements of his unclean hands defense because the conduct he alleges is not directly related to whether the removal requirements for the Department of Labor's ("DOL") ALJs violate the Take Care Clause. Mitchell Brothers Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979) (stating that to invoke the unclean hands defense a defendant must show (1) the plaintiff's alleged misconduct is "directly related to the merits of the controversy between the parties," and (2) "he has personally been injured by the plaintiff's conduct").

For the reasons explained above, Jackson's Alternative Opposed Motion for Leave to File Proposed Second Amended Answer (Docket Entry No. 73) is **GRANTED**; Plaintiff's Consolidated (1) Motion to Dismiss Defendant James Jackson's Amended Counterclaims, and (2) Motion to Strike His Amended Answer, and Brief in Support

---

[5]Order Granting Joint Motion to Convert Preliminary Injunction to Permanent Injunction, Docket Entry No. 62, p. 1 n.1.

[6]Memorandum Opinion and Order, Docket Entry No. 51, pp. 14-15.

(Docket Entry No. 63) is **DENIED AS MOOT**; and Defendant and Counter-Plaintiff James Jackson's Emergency Motion to Strike Misstyled "Joint" Motion to Convert Preliminary Injunction to Permanent Injunction, to Vacate the Conversion Order, and to Dissolve or Modify the Injunction (Docket Entry No. 64) is **DENIED**.

On December 15, 2025, the court preliminarily enjoined Defendants from proceeding any further with OALJ case number 2021-PSI-000002 and any related proceedings.[7]  In its Order (Docket Entry No. 62), the court stated that it would "separately enter an order on Kinder Morgan's request for a Permanent Injunction based on all the parties' briefing already filed with the Court."  On March 9, 2026, Kinder Morgan and the Federal Defendants filed their Joint Advisory Regarding Motion to Convert (Docket Entry No. 72) stating:

> Following the Court's order on the Motion to Convert, Kinder Morgan and the Federal Defendants conferred at length to determine if an agreement could be reached regarding the contents of a proposed order on Kinder Morgan's permanent injunction request. Unfortunately, no agreement could be reached.  Accordingly, Kinder Morgan and the Federal Defendants submit their respective proposed orders attached hereto as Exhibits A and B for the Court's resolution of this matter.

Having carefully considered the parties proposed orders, the court is concerned that both Kinder Morgan's and Federal Defendants' proposed permanent injunctions ask the court to make rulings beyond the scope of its Memorandum Opinion and Order

---

[7]Memorandum Opinion and Order, Docket Entry No. 51, p. 18.

granting Kinder Morgan's motion for a preliminary injunction. The court declines to do so. The scope of the permanent injunction will be limited to the rulings contained in the Memorandum Opinion and Order the court entered on December 15, 2025.

For the reasons explained in the court's Memorandum Opinion and Order (Docket Entry No. 51, pp. 12-18) and pursuant to Federal Rule of Civil Procedure 65(a)(2), the court concludes that Kinder Morgan has succeeded on the merits of its claim that the statutes restricting the removal of DOL ALJs, including the Presiding ALJ, violate the Take Care Clause of Article II of the United States Constitution, as alleged in Count II of the Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1).

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED THAT** Defendants, the United States Department of Labor, Secretary of Labor Lori Chavez-Deremer, the Office of Administrative Law Judges, Administrative Law Judge John M. Herke, and James Jackson, are hereby **PERMANENTLY ENJOINED** from proceeding any further with OALJ

-6-

case number 2021-PSI-000002 and any related adjudicative proceeding(s) within the Department of Labor against Kinder Morgan, Inc., including, without limitation, any hearing before an Administrative Law Judge.

**SIGNED** at Houston, Texas on this 29th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE